UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IAN VIANU and IRINA BUKCHIN, on behalf of themselves and all others similarly situated., <br><br>Plaintiffs, <br><br>v. <br><br>AT&T MOBILITY LLC, <br><br>Defendant. | Case No. 19-cv-03602-LB <br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND STAY ACTION** <br><br>Re: ECF No. 20 |

## INTRODUCTION

Plaintiffs Ian Vianu and Irina Bukchin, both California residents, have wireless-service contracts with AT&T Mobility LLC. On behalf of themselves and a putative class of similarly situated California consumers, they sued AT&T, claiming that AT&T used a "bait-and-switch scheme" to entice customers to sign up for wireless-service contracts at a flat monthly rate and then — without disclosing the fee when customers sign up for service — "covertly" padded the customers' monthly bills with a flat, "bogus" "Administrative Fee," which it "burie[d]" (misleadingly) in the billing statement and on its website.[1] Based on AT&T's alleged conduct, the

---

[1] Compl. – ECF No. 1 at 2–3 (¶¶ 1–5). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-03602-LB

1  plaintiffs bring five California state-law claims: (1) unfair, unlawful, and fraudulent conduct, in
2  violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et*
3  *seq.*; (2) untrue and misleading advertising, in violation of California's False Advertising Law
4  ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; (3) deceptive conduct, in violation of
5  California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (4) a claim
6  for public-injunctive relief to permanently enjoin the false advertising and deception, in violation
7  Cal. Civ. Code § 3422; and (5) breach of the implied covenant of good faith and fair dealing.[2]
8  Claims one through three and five are class claims, and claim four is an individual claim (as are
9  the other claims, to the extent that they seek public-injunctive relief).[3]

10  AT&T moves to compel arbitration.[4] The parties do not dispute that the named plaintiffs had
11  wireless-service contracts that contained an arbitration clause and dispute only whether as a matter
12  of law, binding authority precludes arbitration.[5] The plaintiffs contend that the arbitration clause is
13  unenforceable under California law because it purports to waive the plaintiffs' rights to pursue
14  public-injunctive relief in any forum.[6] *See McCardle v. AT&T Mobility, LLC*, 772 F. Appx. 575,
15  575 (9th Cir. 2019) (invalidating identical arbitration clause under *McGill v. Citibank N.A.*, 2 Cal.
16  5th 945, 962 (2017)), *reh'g en banc denied* Jan. 17, 2020. AT&T recognizes the precedent but
17  argues that *McGill* does not preclude arbitration because the plaintiffs seek private, not public,
18  relief.[7] Alternatively, it asks the court to stay the case pending en banc or Supreme Court review
19  of the precedent.[8]

20  The arbitration clause is unenforceable under California law, and the court thus denies the
21  motion to compel arbitration. The court denies the motion to stay.

---

[2] *Id.* at 27–36 (¶¶ 107–65).

[3] *Id.*

[4] Mot. – ECF No. 20 at 12–19.

[5] *Id.*; Opp. – ECF No. 30 at 9.

[6] Opp. – ECF No. 30 at 6.

[7] Mot. – ECF No. 20 at 7–8; Reply – ECF No. 31 at 6.

[8] Mot. – ECF No. 20 at 8; Reply – ECF No. 31 at 9.

# STATEMENT

The relevant parts of the wireless-service contracts are as follows**:**

> AT&T and you agree to arbitrate all disputes and claims between us. This agreement to arbitrate is intended to be broadly interpreted. It includes but is not limited to:
>
> - claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentations or any other legal theory;
> - claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising);
> - claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and
> - claims that may arise after the termination of this Agreement.
>
> . . .
>
> The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim. **YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING**. Further, unless both you and AT&T agree otherwise, the arbitrator may not consolidate more than one person's claims and may not otherwise preside over any form of a representative or class proceeding. If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.[9]

# ANALYSIS

AT&T moves to compel arbitration or, alternatively, to stay the case pending en banc or Supreme Court review of the precedential decisions invalidating similar arbitration clauses. The court denies the motion.

---

[9] *E.g.*, Wireless Customer Agreement, 2.2 <u>Arbitration Agreement</u>, Ex. 1 to Rives Decl. – ECF No. 22-1 at 7–8.

**1. Motion to Compel Arbitration**

The parties dispute whether the arbitration clause is enforceable. The Ninth Circuit has held that this precise clause is not enforceable because it violates California law. *McCardle*, 772 F. Appx. at 575–76 (applying *McGill*, 2 Cal. 5th at 962). The court thus denies AT&T's motion to compel arbitration.

*McArdle* involved the same arbitration clause. *See McCardle v. AT&T Mobility LLC*, No. 09-cv-0117-CW, 2017 WL 4354998, at *1 (N.D. Cal. Oct. 22, 2017), *aff'd*, 772 F. App'x at 757, *reh'g en banc denied*, Jan. 17, 2020. Like the plaintiffs here, the *McArdle* plaintiff sought public-injunctive relief. *Id.* at *2, *4. Applying *McGill*, the district court held that the waiver of public-injunctive relief meant that the arbitration clause was unenforceable. *Id.* at *5. It also held that the Federal Arbitration Act ("FAA") did not preempt the *McGill* rule. *Id.* The Ninth Circuit affirmed on the ground that the clause purported to waive the plaintiff's right to pursue public-injunctive relief and thus was unenforceable under California law. *McCardle*, 772 F. Appx. at 575 (applying *McGill*, 2 Cal. 5th at 962). It also held that the clause's non-severability clause — "If this [waiver of public-injunctive relief] provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void." — invalidated the entire arbitration agreement. *Id.* at 575–76. That holding compels the same conclusion here because the arbitration provision is identical, and the plaintiffs seek public-injunctive relief.

AT&T nonetheless argues that the plaintiffs are not seeking public-injunctive relief and instead seek private, contract-based relief that benefits only AT&T customers (and not the public). This argument fails under the same controlling precedent. *See id.* at 575–76 (applying *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019), and *McGill*, 2 Cal. 5th at 956–957).

In *McGill*, for example, the California Supreme Court invalidated Citibank's similar arbitration clause in its credit-card agreements. *See McGill*, 2 Cal. 5th at 952–53, 956–957. Like the arbitration clause here, it precluded claims for injunctive relief in any forum. *Id.* at 952, 956, 966. The *McGill* plaintiff challenged Citibank's allegedly deceptive marketing of a "creditor protector" plan (designed to defer amounts due when qualifying events such as disability or unemployment occurred) under the UCL, the CLRA, and the FAL. 2 Cal. 5th at 952–55, 957. The

court held that the injunctive relief available under the statutes is "[b]y definition . . . primarily 'for the benefit of the general public.'" *Id*. (citations omitted). "Its evident purpose . . . is to remedy a public wrong, not to resolve a private dispute[,] . . . and any benefit to the plaintiff requesting such relief likely . . . would be incidental to the general public benefit of enjoying such a practice." *Id.* at 961 (citations and quotations omitted).

The *Blair* court applied *McGill* and similarly held that the injunctive relief under the consumer-protection statutes is public-injunctive relief. *Blair*, 928 F.3d at 824 (citing *McGill*, 5 Cal. 5th at 961). And in *McCardle*, the Ninth Circuit applied *Blair* and *McGill* to the precise AT&T arbitration clause at issue here and invalidated it. *McCardle*, 772 F. Appx. at 575 (applying *Blair*, 928 F.3d at 824; *McGill*, 2 Cal. 5th at 961–62). The plaintiffs' allegations here — about an ongoing deceptive scheme to bury the Administrative Fee and deceptively advertise its wireless plans without disclosing the Fee, in violation of the CLRA, FAL, and UCL — do not differ meaningfully from those in *McCardle*, *Blair*, and *McGill*, at least for purposes of holding that the requested injunctive relief is public-injunctive relief.[10] *McGill* controls: the injunctive relief is "primarily 'for the benefit of the general public.'" *McGill*, 5 Cal. 5th at 961; *see Blair*, 928 F.3d at 831 n.3 (The defendant "alternatively argues that the *McGill* rule does not apply because [the plaintiff's] requested relief does not amount to a public injunction. Not so. [The plaintiff] seeks to enjoin future violations of California's consumer protection statutes, relief oriented to and for the benefit of the general public.").

AT&T cites other cases to support its argument that the relief here nonetheless is private, not public.[11] Its cases are distinguishable.

*Johnson v. J.P. Morgan Chase, N.A.*, for example, challenged allegedly unlawful bank practices about bank fees, but the plaintiffs there did not allege that the contract was publicly available or that public availability would constitute false advertising. No. EDCV 17-2477 JGB (SPx), 2018 WL 4726042, at * 7 (C.D. Cal. Sept. 18, 2018). By contrast, the plaintiffs in this case

---

[10] Opp. – ECF No. 30 at 13 (summarizing the complaint's allegations).

[11] Mot. – ECF No. 20 at 14–15.

allege false advertising and ask to enjoin deceptive practices aimed at the public. "*McGill* allowed public injunctive relief in a very similar fashion to the case at bar." *Eiess v. USAA F. Sav. Bank*, 404 F. Supp. 3d 1240, 1257–58 (N.D. Cal. Aug. 23, 2019) (holding that a bank customer sought public-injunctive relief when she sued under the UCL and CLRA to force the defendant bank to amend its deposit agreements to better reflect its practices of charging multiple non-sufficient-funds fees). By not addressing that fact, the three Central District cases cited by AT&T are "not persuasive." *See id.* (distinguishing *Johnson*, 2018 WL 4726042, at *6; *Rappley v. Portfolio Recovery Assocs., LLC*, No. EDCV 17-108 JGB, 2017 WL 3835259, at *6 (C.D. Cal. Aug. 24, 2017); and *Wright v. Sirius XM Radio, Inc.*, No. SACV 16-1688 JVS, 2017 WL 4676580, at *9 (C.D. Cal. June 1, 2017)).[12]

AT&T cites two other cases. They too are distinguishable. In *Croucier v. Credit One Bank, N.A.*, the case involved only calls to existing customers and not deceptive marketing practices directed at the general public. No. 18cv20MMA (JMA), 2018 WL 2836889, at *5 (S.D. Cal. June 11, 2018). In *Bell-Sparrow v. SFG*Proschoicebeauty*, the pro se plaintiff challenged a single credit-card charge on her personal credit card and did not seek injunctive relief.[13] No. 18-cv-06707-YGR, 2019 WL 1201835, at *5 n.9 (N.D. Cal. Mar. 14, 2019).

In sum, the plaintiffs seek public-injunctive relief for deceptive practices aimed at the public. The arbitration clause prohibits them from seeking that relief in any forum, and it thus is unenforceable. *McCardle*, 772 F. Appx. at 575 (applying *McGill*, 2 Cal. 5th at 962). The clause's non-severability clause invalidates the entire arbitration agreement. *Id.* at 575–76. The court denies AT&T's motion to compel arbitration.

### 2. Motion to Stay

AT&T asked the court to stay the case pending en banc Supreme Court review of the issues. The court denies the motion.

---

[12] AT&T cites all three cases. Mot. – ECF No. 20 at 7–8.

[13] Compl. – ECF No. 1 at 7–18 (¶¶ 27–63) (describing AT&T's advertising and failure to disclose the administrative fee).

A district court has the inherent power to stay proceedings in order to control its docket and in the interest of judicial efficiency. *See, e.g.*, *Strumlauf v. Starbucks Corp.*, No. 16-cv-01306-TEH, 2016 WL 3645194, at *1 (N.D. Cal. July 6, 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts analyze three factors in determining whether to grant a discretionary stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party absent a stay; and (3) judicial resources that would be saved by avoiding duplicative litigation." *Id.* (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). The party requesting a stay has the burden of showing that circumstances justify a discretionary stay. *Nken v. Holder*, 556 U.S. 418, 433 (2009).

Under the circumstances, and given the binding precedent invalidating the arbitration clause, the court does not stay the case on the possibility of review of that binding precedent. *Cf. JPMorgan Chase Bank v. Armas*, No. 15-cv-03704-WHO, 2015 WL 8178761, at *3 (N.D. Cal. Dec. 8, 2015).

## CONCLUSION

The court denies the motion to compel arbitration or stay the case.

This disposes of ECF No. 20.

**IT IS SO ORDERED.**

Dated: March 2, 2020

_____
LAUREL BEELER
United States Magistrate Judge