1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11          SAN FRANCISCO DIVISION

12

13   IAN VIANU, ELIZABETH BLUM, and          Case No.  3:19-cv-03602-LB
     DOMINIC GUTIERREZ, on behalf of
     themselves and all others similarly situated,   **[PROPOSED] ORDER GRANTING**

14                                           **PRELIMINARY APPROVAL OF CLASS**
                                             **SETTLEMENT AGREEMENT AND**

15          Plaintiffs,                      **DIRECTING DISSEMINATION OF CLASS**
                                             **NOTICE**

16   v.

17   AT&T MOBILITY LLC,

18          Defendant.                       Judge:  Hon. Laurel Beeler

19

20

21

22

23

24

25

26

27

28

2406655.1                        - 1 -          [PROPOSED] ORDER GRANTING PRELIM. APPROVAL OF
                                                SETTLEMENT AGMT. & DIRECTING DISSEM. OF NOTICE
                                                          CASE NO.  3:19-CV-03602-LB

1    Before the Court is the Motion for Preliminary Approval of Class Settlement Agreement

2    and for Direction of Class Notice Pursuant to Fed. R. Civ. P. 23(e) ("Motion"), filed by Plaintiffs

3    Ian Vianu, Elizabeth Blum, and Dominic Gutierrez ("Plaintiffs").  Plaintiffs and Defendant

4    AT&T Mobility LLC ("AT&T") have entered into a Class Settlement Agreement, dated May 10,

5    2022 ("Settlement Agreement").  Having thoroughly reviewed the Settlement Agreement,

6    including the proposed forms of class notice and other exhibits thereto, the Motion, and the

7    papers and arguments in connection therewith, and good cause appearing, the Court hereby

8    ORDERS as follows:

9        1.    Capitalized terms not otherwise defined herein have the meanings set forth in the

10    Settlement Agreement.

11        2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

12    § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members.

13    Venue is proper in this District.

14        3.    The Motion is GRANTED.

15        4.    The Court hereby preliminarily approves the Settlement Agreement and the terms

16    embodied therein pursuant to Fed. R. Civ. P. 23(e)(1).  The Court finds that it will likely be able

17    to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the Settlement

18    Class for purposes of judgment on the proposed Settlement.  The Court preliminarily finds that

19    the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members

20    under the relevant considerations.  The Court finds that Plaintiffs and proposed Settlement Class

21    Counsel have adequately represented, and will continue to adequately represent, the Settlement

22    Class.  The Court further finds that the Settlement Agreement is the product of arms' length

23    negotiations by the Parties through an experienced mediator, Robert Meyer, Esq. of JAMS, and

24    comes after significant litigation—including significant litigation regarding AT&T's arbitration

25    motion and a litigated motion to dismiss— and significant investigation and discovery.  The

26    Court preliminarily finds that the relief provided—a non-reversionary common settlement fund of

27    $14 million—is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and

28    appeal for all Parties, the legal issues presented in this Action, the interests of the proposed

1  Settlement Class, and the proposed method of distributing payments to the Settlement Class (i.e.,

2  direct payments by account credits and checks).  The Court preliminarily finds that the Settlement

3  Agreement treats the Settlement Class Members equitably relative to each other, and that the

4  proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable.

5  Under the terms of the Settlement Agreement, all Settlement Class Members are eligible to

6  submit claims for equal settlement payments via a simple claim form.  The Court will fully assess

7  any request for attorneys' fees and litigation expenses after receiving a motion from Settlement

8  Class Counsel supporting such request.  At this stage, the Court finds that the plan to request fees

9  and litigation expenses to be paid from the common settlement fund creates no reason not to

10  direct notice to the Settlement Class; should this Court find any aspect of the requested attorneys'

11  fees or expenses unsupported or unwarranted, such funds will not revert to AT&T.

12      5.      The Court hereby provisionally certifies, for settlement purposes only, a

13  "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of:

14

15  All consumers residing in California (based on the accountholder's last known
    billing address) with a post-paid wireless service plan from AT&T Mobility LLC
16  through a Consumer or Individual Responsibility User (IRU) account and who
    were charged an Administrative Fee on such account between June 20, 2015 and
17  the date of preliminary settlement approval.

18  Excluded from the Settlement Class are any Judge presiding over this Action and
    any members of their families; AT&T and affiliated entities and individuals and
19  their respective officers and directors; and any otherwise covered consumers, other
    than Plaintiffs, who assert claims and seek relief in connection with the
20  Administrative Fee and who have provided AT&T with an unresolved written
    Notice of Dispute (pursuant to AT&T's contractual dispute resolution procedures)
21  before the Execution Date.

22

23      6.      The Court finds that, for settlement purposes only, the Settlement Class, as

24  defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and

25  23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that

26  joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are

27  typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel

28  have adequately represented, and will continue to adequately represent, the interests of the

1  Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets

2  the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

3        7.     Certification of the Settlement Class and appointment of the Settlement Class

4  Representatives and Settlement Class Counsel shall be solely for settlement purposes and without

5  prejudice to the Parties in the event the Settlement Agreement is not finally approved by this

6  Court or otherwise does not take effect. If the Settlement does not occur for any reason,

7  certification of the Settlement Class and any Settlement Class Representative or Settlement Class

8  Counsel appointments, including this Order, shall be deemed void and vacated.  The Parties

9  preserve all rights and defenses as they existed prior to the execution of the Settlement Agreement

10  and this Order in the event the Settlement Agreement is not finally approved by this Court or

11  otherwise does not take effect.

12        8.     The Court hereby appoints Plaintiffs Ian Vianu, Elizabeth Blum, and Dominic

13  Gutierrez as Settlement Class Representatives to represent the Settlement Class.

14        9.     The Court hereby appoints the following attorneys as Settlement Class Counsel for

15  the Settlement Class:  Roger N. Heller, Michael W. Sobol, and Daniel E. Seltz of Lieff, Cabraser,

16  Heimann & Bernstein, LLP; and Daniel M. Hattis of Hattis & Lukacs.

17       10.     The Court hereby appoints Angeion Group, LLC ("Angeion Group") as Settlement

18  Administrator and directs Angeion Group to carry out all duties and responsibilities of the

19  Settlement Administrator as specified in the Settlement Agreement and herein.

20  Notice Program

21       11.     Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the

22  proposed Notice program set forth at Section VI of the Settlement Agreement, including the form

23  and content of the proposed forms of class notice attached as Exhibits A through F to the

24  Settlement Agreement.  The Court finds that the proposed Notice program meets the requirements

25  of Due Process under the U.S. Constitution and Rule 23; and that such Notice program, which

26  includes individual direct notice to Settlement Class Members via SMS, email, and mail,

27  reminder email and SMS notices, a supplemental social media notice campaign, and the

28  establishment of a Settlement Website and Toll-Free Number, is the best notice practicable under

1   the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

2   The Court further finds that the proposed form and content of the forms of the Notice are

3   adequate and will give the Settlement Class Members sufficient information to enable them to

4   make informed decisions as to the Settlement Class, the right to object or opt out, and the

5   proposed Settlement and its terms.  The Court finds that the Notice clearly and concisely states in

6   plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the

7   Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter

8   an appearance through an attorney if the member so desires; (v) that the Court will exclude from

9   the Settlement Class any member who timely and validly requests exclusion; (vi) the time and

10  manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement

11  Class Members under Rule 23(c)(3).

12          12.     The Court directs the Settlement Administrator and the Parties to implement the

13  Notice program as set forth in the Settlement Agreement.

14          13.     Customer Data:  By no later than fourteen days following entry of this

15  Preliminary Approval Order, AT&T shall provide the Customer Data to the Settlement

16  Administrator, including all of the information specified for same in the Settlement Agreement.

17          14.     Email Notice:  By no later than forty-five days following the entry of this

18  Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall

19  email the Email Notice (substantially in the form attached as Exhibit A to the Settlement

20  Agreement) to each Settlement Class Account for which an email address is included in the

21  Customer Data.  The Email Notices shall be sent to the email addresses listed in the Customer

22  Data for such accounts.  The Email Notices shall be sent with the sender title "AT&T Class

23  Action Settlement Administrator" and the subject line "Notice of AT&T / Vianu Class Action

24  Settlement "

25          15.     SMS Notice:  The Court directs AT&T to send, by no later than the Notice Date,

26  via SMS (i.e., text message), the SMS Notice, substantially in the form attached as Exhibit D to

27  the Settlement Agreement, to the corresponding AT&T cellular telephone number(s) for each

28  Settlement Class Account for which the Customer Data identifies that both: (1) the account is a

2406655.1                                    - 4 -        [PROPOSED] ORDER GRANTING PRELIM. APPROVAL OF
                                                          SETTLEMENT AGMT. & DIRECTING DISSEM. OF NOTICE
                                                                       CASE NO.  3:19-CV-03602-LB

current AT&T account; and (2) no accountholders for the account have opted out of receiving

such messages.  Each SMS Notice shall include a hyperlink to a webpage, on the Settlement

Website, that includes the substance of the Email Notice.  The recipients of the SMS Notices shall

not be charged for such messages.  The Court expressly finds that the SMS messages ordered to

be sent under this paragraph are informational messages pertaining to the AT&T's subscribers'

service.  By no later than three days following the Notice Date, AT&T shall provide to the

Settlement Administrator a list of Settlement Class Accounts that were successfully sent the SMS

Notice.

16.     Mail Notice:   For any Settlement Class Account where both (1) there is no email

address included in the Customer Data; and (2) the account is not among the Settlement Class

Accounts for which SMS Notice is to be sent pursuant to this Preliminary Approval Order (i.e.,

because, as identified in the Customer Data, the account is a former AT&T account or one or

more accountholder(s) for the account have opted-out of receiving informational SMS messages):

By no later than the Notice Date, the Settlement Administrator shall: (a) update the mailing

address listed in the Customer Data for such account through National Change of Address

Database; and (b) mail the Postcard Notice (substantially in the form attached as Exhibit B to the

Settlement Agreement) to them via first class U.S. mail, postage pre-paid, at their address as

updated.

17.     For any Settlement Class Account where either (1) AT&T attempted but was not

successful in sending SMS Notice; or (2) the Settlement Administrator sent Email Notice but

received notice that the Email Notice was not received (i.e., a "bounce-back"):  By no later than

ten days following the Notice Date, the Settlement Administrator shall: (a) update the mailing

address listed in the Customer Data for such account through National Change of Address

Database; and (b) mail the Postcard Notice (substantially in the form attached as Exhibit B to the

Settlement Agreement) to them via first class U.S. mail, postage pre-paid, at their address as

updated.

18.     For any mailed Postcard Notices that are returned with forwarding address

information, the Settlement Administrator shall promptly re-mail the Postcard Notice to the new

1  address indicated.  For any mailed Postcard Notices that are returned as undeliverable without a

2  forwarding address, the Settlement Administrator shall conduct an industry standard "skip trace"

3  to try to identify a more current address and re-mail the Postcard Notice to the extent an updated

4  address is identified.

5          19.      Social Media Notice:  Commencing no earlier than the Notice Date and ending by

6  the Claim Deadline, the Settlement Administrator shall implement an internet-based social media

7  notice campaign as set forth in Section VI.8 of the Settlement Agreement, to provide additional

8  notice to Settlement Class Members.

9          20.      Settlement Website:   The Settlement Administrator shall establish and maintain an

10  Internet website, at the URL www.ATTVianuClassActionSettlement.com ("Settlement

11  Website"), where Settlement Class Members can obtain further information about the terms of the

12  Settlement Agreement, their rights, important dates and deadlines, and related information.

13  Settlement Class Members shall also be able to submit Claim Forms electronically via the

14  Settlement Website.  The Settlement Website shall include, in PDF format, the First Amended

15  Complaint in this Action, AT&T's Answer to the First Amended Complaint, the Settlement

16  Agreement, the long-form Website Notice substantially in the form attached as Exhibit C to the

17  Settlement Agreement, this Preliminary Approval Order, Settlement Class Counsel's fee and cost

18  application (after it is filed), and other case documents as agreed upon by the Parties and/or

19  required by the Court, and shall be operational and live before the first Postcard Notice, Email

20  Notice, or SMS Notice is disseminated.  The Settlement Website shall be optimized for display on

21  mobile phones.  The Settlement Website shall remain operational until at least one year after the

22  Payment Date or such other later date as the Parties may agree.

23          21.      Toll-Free Number:  The Settlement Administrator shall establish and maintain a

24  toll-free telephone number ("Toll-Free Number") where Settlement Class Members can obtain

25  further information about the Settlement Agreement and their rights, and request that a hard copy

26  Claim Form or Website Notice be mailed to them.  The Toll-Free Number shall be operational

27  and live by no later than one day before the first Postcard Notice, Email Notice, or SMS Notice is

28  disseminated, and shall remain operational until at least one year after the Payment Date or such

[PROPOSED] ORDER GRANTING PRELIM. APPROVAL OF
SETTLEMENT AGMT. & DIRECTING DISSEM. OF NOTICE
CASE NO.  3:19-CV-03602-LB

1    other later date as the Parties may agree.

2          22.    Reminder Email Notice:  No later than fourteen days after the Notice Date, the

3    Settlement Administrator shall email a Reminder Email Notice, substantially in the form attached

4    as Exhibit E to the Settlement Agreement, to each Settlement Class Account that was sent the

5    Email Notice.  Depending on the volume of Claim Form submissions and in consultation with the

6    Parties, prior to the Claim Deadline, the Settlement Administrator may also cause a second

7    reminder email notice to be sent to Settlement Class Accounts that were sent the Reminder Email

8    Notice or to a portion of them that have not yet submitted a Claim Form.

9          23.    Reminder SMS Notice:  Between twenty-one days and fourteen days before the

10   Claim Deadline, AT&T shall send, via SMS (i.e., text message), a Reminder SMS Notice to the

11   corresponding AT&T cellular telephone number(s) for each Settlement Class Account where both

12   of the following apply: (a) the corresponding AT&T cellular telephone number was successfully

13   sent the SMS Notice; and (b) the Settlement Administrator reports that a Claim Form has not yet

14   been submitted for the account.  By no later than thirty days before the deadline for sending the

15   Reminder SMS Notice, the Settlement Administrator shall report to AT&T regarding which

16   Settlement Class Accounts have not yet submitted a Claim Form.  The Reminder SMS Notice

17   shall be substantially in the form attached as Exhibit F to the Settlement Agreement.  The

18   recipients of the Reminder SMS Notices shall not be charged for such messages.  The Court

19   expressly finds that the SMS messages ordered to be sent under this paragraph are informational

20   messages pertaining to the AT&T's subscribers' service.

21          24.    Within thirty days following entry of this Preliminary Approval Order, AT&T

22   shall pay the Administrative Costs Advance to the Settlement Administrator in the amount of

23   $600,000.

24          25.    By no later than fourteen days before the Fairness Hearing, the Settlement

25   Administrator shall file (or provide to Settlement Class Counsel for filing) a declaration

26   confirming that Notice program has been implemented in accordance with the Settlement

27   Agreement and this Order (including CAFA notice) and providing a final list of persons who

28   submitted timely and valid requests for requests for exclusion from the Settlement Class.

Claims Procedure

26.     The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit G to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties and the Settlement Administrator to implement the Claims Process.

Opt-Out and Objection Procedures

27.     Settlement Class Members may exclude themselves from the Settlement Class by mailing or emailing to the Settlement Administrator, at the address/email address provided in the Website Notice, a request for exclusion that is postmarked or emailed no later than sixty days after the Notice Date (the "Exclusion/Objection Deadline").  To be effective, the request for exclusion must include: (a) the Settlement Class Member's full name, telephone number, mailing address, and email address; (b) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of this Action: "Vianu v. AT&T Mobility LLC"; and (d) for requests for exclusion sent by mail, the Settlement Class Member's signature or a signature of an individual authorized to act on his or her behalf (no signature is required for emailed requests for exclusion).  If the person submitting the request for exclusion is doing so on behalf of a Settlement Class Member (such as an attorney or estate), the request must also include the full name of the person submitting the request and the basis of his, her or its authority to act on behalf of the Settlement Class Member.  Requests for exclusion must be made on an individual basis; "mass," "class," or other purported group opt outs are not permitted.  Any request for exclusion from a Settlement Class Member that is a co-accountholder on an account in the Settlement Class must be submitted by all co-accountholders on that account, otherwise the request for exclusion is invalid for that account.  Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.  If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion. Any Settlement Class Member who does not submit a timely and valid request for exclusion in

1  accordance with this paragraph shall be bound by the Final Order and Judgment if and when it is

2  entered.  The Settlement Administrator, upon request, shall provide copies of all timely and valid

3  requests for exclusion, including any related correspondence, to Settlement Class Counsel and

4  AT&T's Counsel.

5         28.     Any Settlement Class Member who does not submit a timely and valid request for

6  exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class

7  Counsel's motion for attorneys' fees, costs, or service awards, only by complying with the

8  objection provisions set forth herein.  Settlement Class Members who object shall remain

9  Settlement Class Members and shall be subject to the Release set forth in the Settlement

10  Agreement.  To be considered valid, an objection must be in writing, must be filed with the Court

11  or mailed to the Court at the address listed in the Website Notice, postmarked/filed no later than

12  sixty days after the Notice Date (the "Exclusion/Objection Deadline"), and must include the

13  following: (a) the name of this Action: "Vianu v. AT&T Mobility LLC"; (b) the full name,

14  mailing address, telephone number, and email address of the objector; (c) the objector's signature

15  or the signature of an individual authorized to act on his or her behalf; (d) a description of the

16  specific reasons for the objection; (e) the name, address, bar number and telephone number of

17  counsel for the objector, if the objector is represented by an attorney; and (f) state whether the

18  objector intends to appear at the Fairness Hearing either in person or through counsel.  Only

19  objections that are submitted in accordance with this paragraph shall be heard by the Court.  Any

20  Settlement Class Member who does not timely submit an objection in accordance with this

21  paragraph, shall waive the right to object or to be heard at the Fairness Hearing and shall be

22  forever barred from making any objection to the proposed Settlement or to Settlement Class

23  Counsel's motion for attorneys' fees, costs, and service awards.  Any Settlement Class Member

24  who objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is

25  approved and becomes final.  The Settlement Administrator shall promptly after receipt provide

26  copies of any objections the Settlement Administrator receives, including any related

27  correspondence, to Settlement Class Counsel and AT&T's Counsel.

28

Fairness Hearing

29.     The Court will hold a Fairness Hearing on _____, 2022 at _____, in the United States District Court for the Northern District of California, Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA, 94102.  The purposes of the Fairness Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's motion for attorneys' fees, costs, and service awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

30.     By no later than fifteen days after the Notice Date, Plaintiffs and Settlement Class Counsel shall file their: (a) motion for final approval of the Settlement Agreement, requesting entry of the Final Order and Judgment, substantially in the form of Exhibit I to the Settlement Agreement; and (b) motion for attorneys' fees, costs, and service awards.  Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

31.     By no later than fourteen days before the Fairness Hearing, the Settlement Administrator shall file with the Court (or provide to Settlement Class Counsel for filing with the Court) copies of any objections received by the Settlement Administrator.

32.     By no later than fourteen days before the Fairness Hearing, the Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or in support of Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.

33.     The Court may, in its discretion, modify the date and/or time of the Fairness Hearing, and may order that this hearing be held remotely or telephonically.  In the event the Court changes the date, time, and/or the format of the Fairness Hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

34.     Only Settlement Class Members who have submitted timely and valid objections,

2406655.1

- 10 -

[PROPOSED] ORDER GRANTING PRELIM. APPROVAL OF
SETTLEMENT AGMT. & DIRECTING DISSEM. OF NOTICE
CASE NO.  3:19-CV-03602-LB

1    in accordance with the requirements of this Preliminary Approval Order, may be heard at the

2    Fairness Hearing.

3          35.      If the Settlement Agreement, including any amendment made in accordance

4    therewith, is not approved by the Court or shall not become effective for any reason whatsoever,

5    the Settlement Agreement and any actions taken or to be taken in connection therewith (including

6    this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall

7    become null and void and of no further force and effect except for (i) any obligations to pay for

8    any expense incurred in connection with Notice and administration as set forth in the Settlement

9    Agreement, and (ii) any other obligations or provisions that are expressly designated in the

10   Settlement Agreement to survive the termination of the Settlement Agreement.

11         36.      Other than such proceedings as may be necessary to carry out the terms and

12   conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and

13   suspended until further order of this Court.

14         37.      Pending final determination of whether the Settlement Agreement should be

15   finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing,

16   commencing, prosecuting, or enforcing any action against the Released Parties insofar as such

17   action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or

18   other forum.  This bar and injunction is necessary to protect and effectuate the Settlement

19   Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the

20   Settlement, and is ordered in aid of this Court's jurisdiction.

21         38.      This Preliminary Approval Order, the Settlement Agreement, and all negotiations,

22   statements, agreements, and proceedings relating to the Settlement, or any matters arising in

23   connection with settlement negotiations, proceedings, or agreements, shall not constitute, be

24   described as, construed as, offered or received against AT&T or the other Released Parties as

25   evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) that

26   any person suffered compensable harm or is entitled to any relief with respect to the matters

27   asserted in this Action; (c) any liability, negligence, fault, or wrongdoing by AT&T or the

28   Released Parties, including any of its affiliates, agents, representatives, vendors, or any other

1   person or entity acting on its behalf; (d) that this Action or any other action was or may be

2   properly certified as a class action for litigation, non-settlement purposes; (e) the arbitrability of

3   the Action as to Plaintiffs and Settlement Class Members; or (f) the enforceability of any

4   applicable contractual or statutory limitations period to limit any relief.

5          39.      The Court retains jurisdiction over this Action to consider all further matters

6   arising out of or connected with the Settlement, including enforcement of the Release provided

7   for in the Settlement Agreement.

8          40.      The Parties are directed to take all necessary and appropriate steps to establish the

9   means necessary to implement the Settlement Agreement according to its terms should it be

10  finally approved.

11         41.      The Court may, for good cause, extend any of the deadlines set forth in this

12  Preliminary Approval Order without further notice to Settlement Class Members. Without further

13  order of the Court, the Parties may agree to make non-material modifications in implementing the

14  Settlement that are not inconsistent with this Preliminary Approval Order.

15         42.      The following chart summarizes the dates and deadlines set by this Preliminary

16  Approval Order:

| | |
|---|---|
| Last day for AT&T to provide the Customer Data to the Settlement Administrator | **14 days after entry of Preliminary Approval Order** |
| Notice Date | **45 days after entry of Preliminary Approval Order** |
| Last day for Plaintiffs and Settlement Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, costs and service awards | **15 days after Notice Date** |
| Exclusion/Objection Deadline | **60 days after Notice Date** |
| Last day for the Parties to file any responses to objections and any replies in support of motion for final settlement approval and/or Settlement Class Counsel's application for attorneys' fees, costs and service awards | **14 days before Fairness Hearing** |
| Claim Deadline | **90 days after Notice Date** |
| Fairness Hearing | **[At least 135 days after entry of Preliminary Approval Order]** |

2406655.1                                    - 12 -                 [PROPOSED] ORDER GRANTING PRELIM. APPROVAL OF
                                                                    SETTLEMENT AGMT. & DIRECTING DISSEM. OF NOTICE
                                                                    CASE NO.  3:19-CV-03602-LB

1

2          IT IS SO ORDERED.

3

4     Date:        June 16, 2022

5                                              _____
                                               Hon. Laurel Beeler
6                                              United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28